WO                                                                                                                    ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Carlton, | No. CV 20-08088-PCT-MTL (MHB) |
| Petitioner, | |
| v. | **ORDER** |
| Arizona Department of Corrections, et al., | |
| Respondents. | |

On April 14, 2020, Petitioner Paul Carlton, who is confined in the Arizona State Prison Complex-Eyman, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and, after being directed to do so, paid the filing fee. By Order dated May 18, 2020, the Court dismissed the Petition with leave to amend for lack of jurisdiction because Petitioner had not named a proper Respondent and because Petitioner had failed to allege that any of his federal rights had been violated. Petitioner was provided with 30 days in which to file an amended petition that cured the deficiencies identified in the order.

On May 26, 2020, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. By Order dated June 12, 2020, the Court dismissed the Amended Petition with leave to amend because Petitioner had again failed to allege that any of his federal rights had been violated. Petitioner was provided with 30 days in which to file a second amended petition that cured the deficiencies identified in the order.

On June 25, 2020, Petitioner filed a Second Amended Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  By Order dated July 1, 2020, the Court dismissed the Second Amended Petition with leave to amend because Petitioner had yet again failed to allege that any of his federal rights had been violated.  Petitioner was provided with 30 days in which to file a third amended petition that cured the deficiencies identified in the Order.

On July 9, 2020, Petitioner filed a Third Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 15).  The Court will dismiss the Third Amended Petition, and this action.

**I.  Third Amended Petition**

Petitioner was convicted in Mohave County Superior Court, case #CR-2019-924, of attempted molestation of a minor and sexual exploitation of a minor.  In his Third Amended Petition, Petitioner names the Arizona Department of Corrections Director David Shinn as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises one ground for relief, alleging that he was "entrapped."  He also alleges that he has both a direct appeal pending in the Arizona Court of Appeals and a Rule 32 Petition pending in the Mohave County Superior Court.

**III.  Discussion**

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court.  *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).  To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a

'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The failure to exhaust subjects the Petitioner to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

In light of Petitioner's pending direct appeal and post-conviction petition, his Third Amended § 2254 Petition in this Court is premature and must be dismissed. *See id.*; *Schnepp*. The Court will dismiss the case without prejudice.

**IT IS ORDERED:**

(1)     Petitioner's Third Amended Petition for Habeas Corpus (Doc. 15) and this case are **dismissed without prejudice**.

(2)     The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

1    (3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge